IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN FAULKNER SMITH, | § | |
| Individually and as Independent | § | |
| Administrator of the ESTATE OF | § | |
| JACKY RAY SMITH, BRADLEY | § | |
| SMITH, and MOLLIE BEERS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-356-K |
| DAIMLER TRUCKS NORTH | § | |
| AMERICA, LLC, and PENSKE | § | |
| TRUCK LEASING CO, L.P., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. No. 5) and Defendant Penske Truck easing Co., L.P.'s ("Penske") Unopposed Motion for Leave to File Surreply (Doc. No. 15). As an initial matter, Penske's motion for leave to file a surreply is **GRANTED** and this court shall consider the surreply in reaching its decision. The Court has reviewed the Plaintiffs' motion, the response, the reply, the sur-reply, the notice of removal, the pleadings, and the applicable law. Because the "other paper" dated December 22, 2010 and January 17, 2011 were not unequivocally clear and certain about the availability of removal to federal court, the motion is **DENIED**.

I.      Background

Plaintiffs in this case are the estate of Jacky Ray Smith, his widow, and his two children. Mr. Smith was a truck driver for Annona Manufacturing Corporation ("Annona"). He was killed in an accident on July 6, 2008 in Ellis County, Texas. The truck Mr. Smith was driving ran into a concrete barrier and burst into flames. Plaintiffs filed a lawsuit for negligence against Annona on March 2, 2010 in Ellis County. On July 2, 2010, Plaintiffs amended their petition to add as defendants Daimler Trucks North America, LLC ("Daimler"), the manufacturer of the truck Mr. Smith was driving, and Penske, the owner of the truck. At the time of the accident, Annona was leasing Mr. Smith's truck from Penske.

Federal jurisdiction did not exist initially in this case. Plaintiffs' claims do not arise under federal law, and even though the amount in controversy has always been more than $75,000, the parties were not completely diverse; both Plaintiffs and Annona are citizens of Texas. On December 17, 2010, Plaintiffs and Annona appeared in a hearing before the state trial court to approve a settlement between the parties. The settlement was accepted by the court and an order was entered dismissing all of Plaintiffs' claims against Annona with prejudice. This left Plaintiffs on one side, all citizens of Texas, and Daimler and Penske on the other, both corporate citizens of Delaware with their headquarters in Oregon and Pennsylvania, respectively. The dispute that is the subject of this motion centers around when and how Daimler and Penske

were notified of this change in circumstances for the purposes of the removal statute.

Daimler and Penske did not receive official notice of the settlement hearing held on December 17, 2010 in the 40th District Court in Ellis County, nor did they attend the hearing. Neither Daimler nor Penske were served with copies of Plaintiffs' approved settlement with Annona or the order dismissing Annona from the case immediately following the hearing.

On December 22, 2010, Annona mailed a letter to Plaintiffs, Daimler, and Penske, informing all parties of its dismissal with prejudice and asking that Annona not be copied on any future matters related to the case. Penske admits in its filings concerning this motion that it was aware Plaintiffs and Annona had reached a settlement after receiving this letter, but asserts it did not know if the settlement had been approved by the state court. On January 17, 2011, Daimler's counsel circulated a letter to all parties confirming an agreement regarding inspection of the steering column on Mr. Smith's truck. Neither Annona nor its counsel were copied on the letter. Penske maintains that it was still not aware that the state court had approved Annona's settlement on January 17, 2011.

On January 25, 2011, Penske's counsel received a copy of the order approving Plaintiffs' settlement with Annona from Annona's counsel. At the same time, Penske received the order dismissing Annona from the state court case. Penske states this was the first notice it had received that the settlement had been approved. Penske removed

to this Court on February 22, 2011, with the consent of Daimler, under 28 U.S.C. § 1446(b).

## II. Legal Standard

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

## III. Analysis

A case over which a federal court possesses original jurisdiction, filed in state court, may be removed by a defendant within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446 (b) (2011). If a case is not initially eligible for removal, defendants are afforded thirty days to remove after receipt of an amended pleading, motion, order, or other paper that discloses a case is or has become removable. *Id.*; *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). For "other paper" to start the thirty-day clock, there must be a "voluntary act by the plaintiff." *S.W.S. Erectors*, 72 F.3d at 494 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)). A "voluntary act of the plaintiff" means a non-removable case cannot be converted into a removable one through "evidence of the defendant or by an order of the court upon any issue tried upon the merits." *Gaitor*, 287 F.2d at 254 (citation omitted).

The parties do not dispute that federal subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. Plaintiffs assert there was a procedural defect in Penske's removal from Texas state court, that Penske failed to remove within thirty days of being presented with other paper that revealed the possibility of federal jurisdiction. If measured from December 22, 2010 or January 17, 2011, the dates when Penske received the letter from Annona announcing its dismissal and the letter from Daimler regarding the steering column, removal was not timely and remand is required. If measured from January 25, 2011, the date when Penske received a copy of the approved settlement and the order dismissing Annona, removal was timely.

Penske admits it received the letter from Annona's counsel on December 22, 2010 and that the letter constitutes "other paper" for the purposes of 28 U.S.C. § 1446(b). Penske argues that the letter is not a voluntary act of Plaintiffs because it was sent by Annona's counsel, was not signed or authored by Plaintiffs, and does not reference Plaintiffs in any way.

Penske has framed "voluntary act of the plaintiff" to mean a voluntary act of the plaintiff that notified Penske of its right to remove. Penske's Resp. at 8–10. This view is supported by the Fifth Circuit's opinion in *S.W.S. Erectors*, which interprets § 1446(b) to require that the "other paper" which puts a defendant on notice of the availability of federal jurisdiction must result from a voluntary act of the plaintiff. *S.W.S. Erectors*, 72 F.3d at 494. In *S.W.S. Erectors*, the Fifth Circuit held an affidavit composed by a

defense attorney, based on a phone conversation between counsel for both sides where plaintiff's counsel disclosed the amount in controversy would be at least $100,000, was not "other paper" for purposes of the removal statute. *Id*. Most importantly for Penske's position, the Fifth Circuit reiterated its stance that a defendant's subjective knowledge cannot convert a case into a removable action. *S.W.S. Erectors*, 72 F.3d at 494; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

In response, Plaintiffs argue this case is more akin to *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 903 (5th Cir. 2000). In *Martineau*, a plaintiff sued his former employer and a non-diverse individual defendant in Texas state court. *Id*. at 909. The plaintiff entered settlement negotiations with the non-diverse defendant, and then filed a notice with the court that a settlement had been reached in principle. *Id*. Three days later, the plaintiff filed a signed settlement agreement that specified amounts and the manner and time of performance. *Id*. The Fifth Circuit found the "drafting, signing, and filing of letters regarding settlement were voluntary acts by [the plaintiff]." *Martineau*, 203 F.3d at 911–12.

The critical difference between this case and *Martineau* is the defendant's awareness of when removal became an option. Just as in this case, the employer in *Martineau* was not notified of the settlement discussions, was not present for any of the settlement proceedings, and was not served with any documents filed with the court. Brief of Appellee ARCO Chemical Co. at 4, *Martineau v. ARCO Chem. Co.*, No. 99-20092

(5th Cir. June 23, 1999), 1999 WL 33623585.  However, the employer became aware that the settlement papers had been filed and removed the case.  *Martineau*, 203 F.3d at 910.  Penske's attorney has submitted a declaration, under penalty of perjury, that he was not aware the state court had approved the proposed settlement and had dismissed Annona from the case until he received a copy of the state court order.  Penske's App. at 12.  Penske's attorney goes on to swear that he learned of the state court's actions for the first time on January 25, 2011 when he received copies of the state court's orders.  *Id*.

Other district courts have recognized that "the goal of § 1446(b) is not to provide plaintiffs with a means to trick defendants into failing to file timely removal notices." *Chambers v. Bielss*, No. 3:08-CV-372-KC, 2008 WL 5683483, *5 (W.D. Tex. Dec. 8, 2008); *Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57, 59 (E.D. Tex. 1995).  To trigger the time limits in § 1446(b), the information contained in "other paper" must be "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).  It was not unequivocally clear and certain from Annona's letter on December 22, 2010 or Daimler's letter on January 17, 2011 that the state court *had approved* the settlement and dismissed Annona from the case.  Therefore, the time limit under § 1446(b) did not begin to run until Penske received something that did unequivocally reveal the existence of federal jurisdiction: the January 25, 2011 fax from Annona that contained the state court's orders approving settlement and dismissing Annona.

## IV. Conclusion

Because Penske timely removed within thirty days of receipt of other paper disclosing the existence of federal jurisdiction, Plaintiffs' motion to remand is **DENIED**.

**SO ORDERED**.

Signed April 28th, 2011.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE